United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME PRIETO LOMELI,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, et al.,<br><br>Defendants. | Case No. 19-CV-01141-LHK<br><br>**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 65 |

On June 25, 2019, Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively, the "Midland Defendants") filed a Motion to Compel Arbitration. ECF No. 42 Defendants Hunt & Henriques ("H&H"), Michael Scott Hunt, and Janalie Ann Henriques (collectively, the "H&H Defendants") joined in that motion on July 22, 2019. ECF No. 52. On the same day, the H&H Defendants also filed their own Motion to Compel Arbitration. ECF No. 51 ("H&H Def. Mot. to Compel"). In connection with their respective Motions to Compel Arbitration, the Midland Defendants and the H&H Defendants filed redacted versions of several documents as exhibits. On August 19, 2019, the Court ordered Defendants to file a motion to seal, for parties are not permitted to unilaterally redact their filings. ECF No. 64.

Pursuant to the Court's order, the Midland Defendants filed an Administrative Motion to

Seal on August 22, 2019. ECF No. 65. This order is now before the Court. Specifically, the Midland Defendants seek to seal portions of two documents: (1) the Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy, ECF No. 42-1, Ex. C, and (2) the Bill of Sale attached as Exhibit B to the Declaration of Sean Mulcahy, *id.*, and as Exhibit 2 to the Declaration of William Peck, ECF. No. 42-1, Ex. B.

Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

By contrast, records attached to non-dispositive motions generally are not subject to the strong presumption of access, provided those motions are "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case need

2

only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. Still, the "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

To determine which standard applies to the Midland Defendants' Administrative Motion to Seal—"compelling reasons" or "good cause"—the Court must first determine whether the underlying Motion to Compel Arbitration is a dispositive or non-dispositive motion for sealing purposes. The Ninth Circuit has not ruled on this issue, nor has it provided clear guidance on distinguishing dispositive and non-dispositive motions generally. *Martin v. Wells Fargo Bank, N.A.*, Case No. CV 12–0630–SI, 2013 WL 5441973, at *6 (N.D. Cal. Sept. 30, 2013). In addition, district courts in this circuit have disagreed as to whether a motion to compel arbitration is a dispositive or non-dispositive motion with regard to sealing. *Compare Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 2:10-CV-01619-RLH, 2011 WL 686362, at *1 (D. Nev. Feb. 17, 2011) ("A motion to compel arbitration is a dispositive motion."), *with Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2015 WL 5117083, at *4 (N.D. Cal. Aug. 31, 2015), *aff'd*, 830 F.3d 1335 (Fed. Cir. 2016) ("Because a motion to compel arbitration is not dispositive, the 'good cause' standard applies."). The Court need not venture into this disagreement, however. Because the Midland Defendants have conceded the "compelling reasons" standard applies, *see* ECF No. 65 at 1, the Court applies it here.

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must comply with Civil Local Rule 79–5, including that rule's requirement that the request must "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

3
Case No. 19-CV-01141-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE

In the instant motion, the Midland Defendants' request to seal almost the entirety of both exhibits is clearly overbroad in that it seeks to seal vast swaths of non-sealable material. As a result, the request is not "narrowly tailored to seek sealing only of sealable material," as mandated by Civil Local Rule 79-5(b).

For example, the redacted portions of the Purchase and Sale Agreement encompass such items as definitions of generic terms, introductory sentences, and form statements like "Balance of Page Intentionally Left Blank." *See, e.g.*, ECF No. 65-4 at 5-6, 9, 11, 18. In addition, the unredacted portion of the Affidavit of Sale of Account identifies the affiant as Terri Bergman, yet the Midland Defendants seek to seal Terri Bergman's signature. ECF No. 65-4 at 3. None of these examples are sealable under the law cited by the Midland Defendants. *See* ECF No. 65 at 3-4. It is true that "business strategy," *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3 (D. Ariz. Dec. 13, 2011), "financial projections," *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011), and "confidential sales data" about a company's products, *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012), have been found sealable by courts. But much of the redacted material does not fall into any of these categories of information. The Court encourages the Midland Defendants to review Ninth Circuit law regarding what is sealable in a commercial agreement. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding that "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the compelling reasons standard for sealing).

What is more, the Midland Defendants' claim that confidentiality "is critical to Midland's continued business interests" is general and conclusory, rather than particularized to each piece of information sought to be sealed. "[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182 (requiring a specific compelling reason for each redaction rather than "a general category of privilege").

Therefore, the Midland Defendants' Administrative Motion to Seal is DENIED without

4

Case No. 19-CV-01141-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE

prejudice. The Midland Defendants may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable under applicable case law. If the Midland Defendants choose to refile their motion, it must be filed by October 11, 2019.

**IT IS SO ORDERED.**

Dated: September 25, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge