UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME PRIETO LOMELI,<br><br>    Plaintiff,<br><br>    v.<br><br>MIDLAND FUNDING, LLC, et al.,<br><br>    Defendants. | Case No. 19-CV-01141-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 84 |

On June 25, 2019, Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively, the "Midland Defendants") filed a Motion to Compel Arbitration. ECF No. 42 Defendants Hunt & Henriques, Michael Scott Hunt, and Janalie Ann Henriques (collectively, the "H&H Defendants") joined in that motion on July 22, 2019. ECF No. 52. On the same day, the H&H Defendants also filed their own Motion to Compel Arbitration. ECF No. 51. In connection with their respective Motions to Compel Arbitration, the Midland Defendants and the H&H Defendants filed redacted versions of several documents as exhibits. Because parties are not permitted to unilaterally redact their filings, Civ. L.R. 79-5(b), the Court ordered all defendants to file a motion to seal. ECF No. 64. Pursuant to the Court's order, the Midland Defendants filed an

1

Administrative Motion to Seal on August 22, 2019. ECF No. 65. On September 25, 2019, the Court denied that motion because it was overbroad and not "narrowly tailored to seek sealing only of sealable material" under Civil Local Rule 79-5(b). ECF No. 79. The Court permitted the Midland Defendants to file a renewed motion, which they did on October 11, 2019. ECF No. 82. The Court then denied this first renewed motion on October 21, 2019, for again failing to comply with Civil Local Rule 79-5(b). ECF No. 83.

On October 22, 2019, the Midland Defendants filed a second renewed motion to seal. ECF No. 84 ("Second Renewed Mot."). This motion is now before the Court. For the reasons stated below, the Court GRANTS in part and DENIES in part the administrative motion to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

By contrast, records attached to non-dispositive motions generally are not subject to the

strong presumption of access, provided those motions are "not related, or only tangentially related, to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

The usual starting place in resolving a motion to seal is the question of which standard—"compelling reasons" or "good cause"—applies to the documents at issue. However, as explained in the Court's September 25, 2019 order, the Midland Defendants have conceded that they must satisfy the "compelling reasons" standard. ECF No. 79 at 3 (citing ECF No. 65 at 1). The Court therefore applies the "compelling reasons" standard to the instant motion.

The Midland Defendants seek to seal specific portions of two documents: (1) a Bill of Sale, and (2) a Purchase and Sale Agreement. These documents contain the terms and conditions

3

Case No. 19-CV-01141-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

of a transaction in which Defendant Midland Funding, LCC ("Midland Funding") purchased a portfolio of credit card accounts from Citibank, N.A. ("Citibank"). Second Renewed Mot. at 2. The Midland Defendants aver that they seek to seal only those terms and conditions that were "closely-negotiated" with Citibank and are generally "deal-breakers that drive the price of the transaction." *Id.* at 3. According to the Midland Defendants, the "consumer credit recovery industry" is "highly competitive." *Id.* at 4. For that reason, Midland Funding keeps "maintains the confidentiality of its purchase agreements." *Id.* at 5. Midland Funding fears that its ability to "negotiate[s] independent arrangement with each original creditor" would be jeopardized if future potential creditors-sellers are able to view Midland Funding's prior agreements. *Id.*

The Ninth Circuit has made clear that compelling reasons exist to seal court records when the records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598). Such business information includes, *inter alia*, "trade secrets." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement's definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), which is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who *do* not know or use it," Restatement (First) of Torts § 757, cmt. b. Relevant here, courts in our circuit have found confidential terms in commercial agreements to be sealable "business information that may harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. For instance, the Ninth Circuit deemed "pricing terms, royalty rates, and guaranteed minimum payment terms" to be sealable trade secrets in *In re Elec. Arts, Inc.* 298 F. App'x 568, 569 (9th Cir. 2008). Other courts in our district have sealed "product rates, exclusivity requirements, and other confidential terms," *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018); "confidentiality clauses, along with lists of the parties' obligations and terms of payment," *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); and "certain

4

Case No. 19-CV-01141-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL

details relating to a licensing agreement" that "could be valuable to other potential licensees." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).

In this case, the Court is satisfied that disclosing key terms in Midland Funding's agreements with Citibank may put Midland Funding "at a disadvantage in future negotiations for similar agreements" with potential creditor-sellers, *Icon-IP Pty Ltd.*, 2015 WL 984121, at *3, or provide information to competitors that those competitors could use to "undercut" Midland Funding, *Nicolosi Distrib., Inc.*, 2018 WL 3932554, at *3. Therefore, the sealing of such information is appropriate under the compelling reasons standard.

However, the Midland Defendants also seek to seal public information such as the locations of Citibank and Midland Funding, as well as information that the parties publicly disclose in their filings. Such information is not sealable under the compelling reasons standard.

Accordingly, the Court rules on the motion to seal as follows:

| **Document** | **Location** | **Ruling** |
|---|---|---|
| The Bill of Sale attached as Exhibit B to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) and as Exhibit 2 to the Declaration of William Peck (ECF. No. 42-1, Ex. B) | Exhibit 1: Sale ID | GRANTED. |
| The Bill of Sale attached as Exhibit B to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) and as Exhibit 2 to the Declaration of William Peck (ECF. No. 42-1, Ex. B) | Exhibit 1: Sale Balance | GRANTED. |
| The Bill of Sale attached as Exhibit B to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) and as Exhibit 2 to the Declaration of William Peck (ECF. No. 42-1, Ex. B) | Exhibit 1: Number of Accounts | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 2, ¶ 1.12 | GRANTED. |

| **Document** | **Location** | **Ruling** |
|---|---|---|
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 3, ¶ 2.2 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 5, ¶ 3.3.1(h) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 6, ¶ 3.4(a) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 7, ¶ 3.4(b) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 7, ¶ 3.4(c) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 8, ¶ 4.4 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 9, ¶ 6.2(a) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 10, ¶ 6.2(b) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 10, ¶ 6.2(d) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 10, ¶ 6.2(e) | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 13, ¶ 6.11 | GRANTED. |

| **Document** | **Location** | **Ruling** |
|---|---|---|
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 13-14, ¶ 6.13 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 14, ¶ 6.14 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 15, ¶ 7.2 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 16-17, ¶ 10.1 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 17, ¶ 10.2 | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 19, ¶ 12.3 | DENIED because the locations of Citibank, N.A. and Midland Funding LLC are public information. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 21, Title of Citibank, N.A. signatory | DENIED because the information is publicly disclosed in Exhibit 2 to the Bill of Sale. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 21, Name and Signature of Midland Funding LLC signatory | DENIED because the information is not proprietary or confidential business information. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 22, File Names | DENIED because the information is publicly disclosed in Exhibit 1 to the Bill of Sale. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 22, Sale ID | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 22, Number of Accounts | GRANTED. |

| **Document** | **Location** | **Ruling** |
|---|---|---|
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 22, Sale Balance | GRANTED. |
| The Purchase and Sale Agreement attached as Exhibit A to the Declaration of Sean Mulcahy (ECF No. 42-1, Ex. C) | Page 22, Sale Rate | DENIED because the information is publicly disclosed in Exhibit 1 to the Bill of Sale. |

The Midland Defendants shall refile the Purchase and Sale Agreement consistent with this order and Civil Local Rule 79-5(f).

**IT IS SO ORDERED.**

Dated: November 1, 2019

_____
LUCY H. KOH
United States District Judge